## No. 378

No. 18285—M. W. Jamieson v. James C. Davis, etc. Error to the Court of Appeals of Cuyahoga county.

991. RAILROADS—Federal transportation act does not supplant General Code. Wrongful detention of personal property by a railroad company operated by the United States, is injury to property under 11273 GC.

ROBINSON, J.

1. The provisions of the Federal Transportation Act of 1920, Section 206, do not operate to supplant or suspend the provisions of Section 11273, General Code, as to jurisdiction.

2. The wrongful detention of personal property by a railroad company, or by the Director General of the United States operating such railroad company under federal control, is an injury to property within the contemplation of Section 11273, General Code.

Judgment affirmed.

Matthias, Day and Allen, JJ., concur. Wanamaker and Jones, JJ., not participating.

## No. 379

No. 18251—Elizabeth J. Courtright v. Leslie Scrimger et al. Error to the Court of Appeals of Franklin county.

297. CONTRACTS—Interpreting meaning of words susceptible of more than one meaning—Courts will follow meaning signatories have placed upon the words.

ROBINSON, J.

1. Where words used in a contract are susceptible of more than one meaning, courts will ascertain the sense in which such words were used by the signatories to the contract, if possible, from all the provisions of the contract.

2. Where words used in a contract are susceptible of more than one meaning, and the signatories to the contract have by acts done in carrying out the terms thereof placed their own interpretation upon the meaning of the words, courts will adopt the interpretation which the signatories to the contract have themselves made.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

## No. 380

No. 18195—State ex rel City of Cleveland Heights v. Charles C. Frazine, Director. Error to the Court of Appeals of Cuyahoga county.

165. BONDS—Provision requiring municipalities to offer them to Industrial Commission at par before marketing is unconstitutional.

ROBINSON, J.

1. Section 1465-58, General Code, attempts to require municipalities before advertising a bond issue for sale to first offer the same to the Industrial Commission of Ohio at par and accrued interest.

2. Section 1465-58, General Code, in so far as it attempts to require municipalities and other taxing districts before advertising a bond issue for sale to first offer the same to the Industrial Commission of Ohio at less than market value, is unconstitutional and void.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

## No. 381

No. 18222—Albert C. Clark et al v. Euretta Clark. Error to the Court of Appeals of Cuyahoga county.

85. APPEALS.

1. In a proceeding for sale of entailed estate, appeal does not lie from finding of trial court—but dies lie on cross petition praying for quieting title, and seeking equitable relief.

2. In such a statutory proceeding one defendant cannot convert it into a chancery case by filing cross petition against another.

ALLEN, J.

1. In a proceeding brought under Sections 11925 to 11937, inclusive, of the General Code, for the sale of an entailed estate, appeal does not lie from an order of sale entered upon the finding of the trial court that a sale will do no substantial injury to the remainderman.

2. When a defendant in proceedings to sell an entailed estate files a cross-petition seeking equitable relief under Section 11901, praying that his title to premises which are the subject of the proceedings may be quieted as against other defendants in error, the said cross-petition states a chancery case and a judgment upon the issues set forth therein is appealable.

3. When the initial proceeding is statutory and not equitable, one defendant may not, by filing against another defendant a cross-petition which states a chancery case, convert the whole proceedings into a chancery case.

Judgment reversed.

Marshall, C. J., Jones, Day and Matthias, JJ., concur. Wanamaker, J., not participating.